IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

HENRY JACOB PARKER,                                    CV. 08-632-MA

        Petitioner,                              OPINION AND ORDER

   v.

JEAN HILL,

        Respondent.

TONIA L. MORO
Assistant Federal Public Defender
15 Newton Street
Medford, OR 97501

    Attorney for Petitioner

JOHN KROGER
Attorney General
JONATHAN W. DIEHL
Assistant Attorney General
Department of Justice
1162 Court Street
Salem, OR 97301-4096

    Attorneys for Respondent

MARSH, Judge

    Petitioner brings this habeas corpus proceeding pursuant to 28

U.S.C. § 2254 challenging his continued supervisory release ordered

by the Oregon Board of Parole and Post-Prison Supervision (Board).

1 - OPINION AND ORDER

For the reasons set forth below, the petition is denied, and this proceeding is dismissed.

**BACKGROUND**

Petitioner was convicted of several counts of robbery, rape and sodomy in Lane County Circuit Court in 1980. Petitioner pleaded guilty and was sentenced to two consecutive indeterminate 20-year prison terms for his crimes. In the instant proceeding, petitioner does not challenge the legality of his convictions. Rather, petitioner challenges the constitutionality of the Board's failure to discharge him from parole, and revocation of his parole in August 2004 and January 2005.

In March 1998, petitioner was paroled, however, he was immediately placed in federal custody to serve a two-year federal sentence. Petitioner was released on parole in March 2000, subject to the Board's Order of Supervision Conditions. (Resp. Ex. 106, at P3.) Pursuant to that Order, petitioner had a tentative discharge date of March 28, 2001. (Id.) The Board has not issued a certificate of discharge for petitioner's release from supervision.

**I.    August 2004 Revocation.**

In March 2004, petitioner was sanctioned for violating his parole conditions regarding curfew and the use of methamphetamine. On August 10, 2004, the Board revoked petitioner's parole in an Order of Revocation. Additionally, the Board scheduled a future disposition hearing in Board Action Form (BAF) #16. (Resp. Ex.

114, p. 57, 61.) BAF #16 states that "THIS ORDER IS FOR INFORMATION ONLY AND IS NOT SUBJECT TO JUDICIAL APPEAL." (Resp. Ex. 114, p. 61.)

On September 13, 2004, petitioner requested administrative review of BAF #16. (Pet. Ex. 1.) Petitioner appears to have sent a second copy of that request on October 8, 2004, attaching a document entitled "Exhibit O." (Id.) In Exhibit O, petitioner submits that the Board lost jurisdiction over him when he was released to federal custody. Petitioner also contended that he was entitled to be discharged from parole in March 2001, under the Oregon Administrative Rules in place in 1979.

On October 5, 2004, and before the Board issued a response to petitioner's administrative review request, petitioner filed a petition for habeas corpus relief in Malheur County Circuit Court seeking to challenge the August 2004 parole revocation and BAF #16. The court determined that habeas relief was not available because petitioner had an adequate remedy at law pursuant to O.R.S. § 144.335, which provides the exclusive avenue for seeking judicial review of Board decisions. Alternatively, the court ruled that the petition was meritless, and the proceeding was dismissed on November 8, 2004. (Resp. Ex. 105.) Petitioner appealed. The Oregon Court of Appeals affirmed without opinion on October 31, 2007, and the Oregon Supreme Court denied review on January 23, 2008. Parker v. Hill, 215 Or.App. 703, 170 P.3d 1137 (2007), rev.

denied, 344 Or. 43, 178 P.3d 247 (2008). Petitioner did not seek direct judicial review of the August 2004 revocation at that time.

Meanwhile, following the future disposition hearing concerning the August 2004 revocation, the Board issued BAF #17 on November 3, 2004. In BAF #17, the Board imposed a sanction of 118 days imprisonment for petitioner's parole violation, and petitioner was released on parole no later than November 18, 2004. BAF #17 states that it is an appealable order, provides instructions for obtaining administrative review, and advises that administrative remedies must be exhausted prior to seeking judicial review. (Id. at p.63-67.)

Eventually, the Board issued Administrative Review Response (ARR) #1 in response to petitioner's request for review of BAF #16 on April 26, 2005. (Resp. Ex. 114, p. 144.) In ARR #1, the Board determined that BAF #16 was not appealable because it was not a final order, but instead was to inform petitioner of the future proceeding which would "culminate in the board's final order."[1]

## II. **January 2005 Revocation.**

Approximately two months after his release in November 2004, petitioner again was sanctioned for violating his parole conditions. The Board issued an Order of Revocation on January 21,

---

[1]The record is devoid of any indication that petitioner sought administrative review of BAF #17 or sought judicial review of ARR #1.

2005, and again set the matter for a future disposition hearing. At the hearing, petitioner's release date was set for December 15, 2006.

On April 22, 2005, petitioner requested administrative review of the Board's January 21, 2005 Order of Revocation. In that request for review, petitioner alleged that the January 2005 parole revocation violated his rights to due process and equal protection and that the Board no longer had jurisdiction over him. (Resp. Ex. 114, p. 185). On May 4, 2005, the Board issued ARR #2 determining that petitioner's request for review was untimely because it was not received within 45 days of the mailing date as required under Or. Admin. R. 255-080-005(2).

In July 2005, petitioner filed a Petition for Judicial Review in the Oregon Court of Appeals challenging ARR #2 pursuant to O.R.S. § 144.335. (Exh. 117.) In August 2005, petitioner filed a correction of his Petition for Judicial Review, stating that he also was seeking review of the Board's August 17, 2004 parole revocation and the January 2005 parole revocation. (Exh. 119.) In an August 22, 2005 order, the Oregon Court of Appeals ruled that the petition for review concerning the August 2004 revocation was untimely and had not been administratively exhausted, but permitted petitioner to proceed concerning the January 2005 revocation. (Resp. Ex. 120.) The Oregon Supreme Court denied review of the August 22, 2005 order. (Resp. Ex. 122.)

Meanwhile, petitioner submitted additional information to the Board regarding the mailing date of his administrative review request, causing the Board to withdraw ARR #2 and reconsider petitioner's administrative review request. The Board issued ARR #3 in which the Board found petitioner's administrative review request timely, but denied relief on the merits. (Resp. Ex. 114 p. 185-86.)

After several other motions in the Oregon Court of Appeals, petitioner was permitted to challenge ARR #2 and ARR #3 concerning the January 2005 revocation in a Motion to Proceed. (Resp. Ex. 121.) On February 6, 2007, the court denied the Motion to Proceed and dismissed the petition for judicial review. The court ruled that petitioner was not entitled to automatic discharge from parole in 1999, and that his claim was defeated by Haskins v. Palmateer, 186 Or. App. 159, 63 P.3d 31, rev. denied, 335 Or. 510 (2003). (Resp. Ex. 126.) The Court of Appeals determined that petitioner had not exhausted his remaining claims, and thus the claims could not present a substantial question of law. (Resp. Ex. 126.) Petitioner did not appeal that decision to the Oregon Supreme Court, and the appellate judgment became effective April 6, 2007. (Resp. Ex. 126.)

III. **Federal Habeas Petition.**

In the instant proceeding, petitioner asserts three grounds for habeas corpus relief: (1) the Board violated his due process

right by failing to discharge him from parole and lacked jurisdiction to revoke his parole in 2000 and 2004; (2) the Board violated his right against ex post facto application of the laws when it applied statutes and rules enacted subsequent to his conviction to determine his parole revocations; and (3) the Board's continuing exercise of jurisdiction is cruel and unusual punishment, violating the Eighth Amendment.

## DISCUSSION

Respondent submits that all of petitioner's claims are procedurally defaulted or are time-barred. Alternatively, respondent argues that petitioner's claims are meritless. For the reasons that follow, I conclude that all of petitioner's grounds for relief are procedurally defaulted. Additionally, I conclude that petitioner's claims concerning his January 2005 parole revocation are time-barred.

**I.   Petitioner's Claims Are Procedurally Defaulted.**

**A.   Standards.**

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1). A state prisoner satisfies the exhaustion requirement by fairly presenting his claim to the appropriate state courts at all appellate stages afforded under state law. Baldwin v. Reese, 541 U.S. 27, 29 (2004); Casey v.

Moore, 386 F.3d 896, 915-56 (9th Cir. 2004), cert. denied, 545 U.S. 1146 (2005); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999), cert. denied, 528 U.S. 1087 (2000).  If a petitioner procedurally defaults his federal claims in state court, federal habeas relief is precluded absent a showing of cause and prejudice, or that the failure to consider the claims will result in a fundamental miscarriage of justice.  Coleman v. Thompson, 501 U.S. 722, 750 (1991); Cook v. Schriro, 538 F.3d 1000, 1025 (9th Cir. 2008), cert. denied, 129 S. Ct. 1033 (2009).

A state prisoner procedurally defaults his available state remedies in one of two ways.  First, he may fail to exhaust, or fail to "fairly present," the federal claim to the state court, and the procedural default is caused by the fact that the state court would now find the claims procedurally barred.  Coleman, 501 U.S. at 729 n.1; Gray v. Netherland, 518 U.S. 152, 161-62 (1996); Harris v. Reed, 489 U.S. 255, 269-70 (1989)(O'Connor, concurring); Casey, 386 F.3d at 920-21.  Also included in this category are those cases in which the petitioner presents his federal claims in a procedural posture in which the claims would not be considered absent special circumstances.  Castille v. Peoples, 489 U.S. 346, 351-52 (1989); Casey, 386 F.3d at 917-18.  Absent a showing that the state court actually decided the merits of a claim raised in such a procedural context, the claim is procedurally defaulted.  See Chambers v.

McDaniel, 549 F.3d 1191, 1196-97 (9th Cir. 2008); Casey, 386 F.3d
at 916-17 & n.18 & n.23.

Second, a federal claim is procedurally defaulted if it is
actually raised in state court, but explicitly rejected by the
court based upon a state law. Cone v. Bell, 129 S. Ct. 1769, 1780
(2009); Coleman, 510 U.S. at 729-30. Federal habeas relief is
precluded in these cases provided the state law invoked is
independent of the federal question and adequate to support the
judgment. Coleman, 501 U.S. at 720-30; Lee v. Kemna, 534 U.S. 362,
375 (2002); Sechrest v. Ignacio, 549 F.3d 789, 802 (9th Cir. 2008),
cert. denied, 130 S. Ct. 243 (2009).

**B.   Ground One.**

In ground one, petitioner alleges that his right to liberty
under the Due Process Clause of the Fourteenth Amendment was
violated because the Board was required to discharge him from
parole and therefore lacked jurisdiction when it issued an order of
supervision in 2000 and revoked his parole in August 2004.
Petitioner attempted to present this claim in his state habeas
proceeding, as well as in his petition for judicial review.

Respondent contends that ground one is procedurally defaulted
because neither the habeas petition nor the direct judicial review
presented the claims to the state courts in a procedural context
in which the merits would be considered. I address each avenue of
relief sought by petitioner separately.

9 - OPINION AND ORDER

1.    **State Habeas Proceeding.**

In his petition for habeas corpus relief filed in Malhuer County Circuit Court in October 2004, petitioner attempted to challenge the Board's August 2004 revocation and argued that the Board's jurisdiction over him had expired. (Resp. Ex. 102.)  The state court determined that O.R.S. § 144.335 provides for direct judicial review of Board decisions.  As such, the court concluded that petitioner had an adequate remedy at law, and a writ of habeas corpus was not a proper remedy. (Resp. Ex. 105.) I conclude that the state court rejected petitioner's habeas claim based upon an independent and adequate state rule, namely that habeas corpus relief in state court is only available if there is no other adequate remedy at law.  Tiner v. Clements, 173 Or.App. 168, 169, 20 P.3d 262, rev. denied, 332 Or. 305 (2001).  Petitioner is now time-barred from seeking direct judicial review for this claim. O.R.S. § 144.335(4).  Accordingly, ground one is procedurally defaulted.  Cone, 129 S.Ct. at 1780; Coleman, 501 U.S. at 729-30. Federal habeas relief is precluded unless petitioner can demonstrate that the rule was not independent and adequate to support the judgment.  Coleman, 501 U.S. at 729-30; Lee, 534 U.S. at 375.

Although respondent asserts that ground one is procedurally defaulted because it was not fairly presented, I conclude that because petitioner raised this ground in his state habeas petition

and the state court expressly invoked a procedural bar, this case more accurately falls into the second category of procedural default.[2] I further conclude that respondent has adequately raised the defense of procedural default by generally asserting that affirmative defense in his answer and briefing, although he does not specifically discuss the independent and adequate state rule. See Rambo v. Hall, 2008 WL 299064, *2 (D.Or. Jan. 30, 2008) (determining that respondent's general assertion of procedural default in answer was sufficient).

Alternatively, I conclude that *sua sponte* consideration of the independent and adequate state rule category of the procedural default doctrine is appropriate because it furthers the interests of judicial efficiency and comity. Vang v. Nevada, 329 F.3d 1069, 1073 (9th Cir. 2003). In this case, petitioner has presented arguments attempting to demonstrate that the rule the state relied upon was not adequate, and thus he is not prejudiced by this court's consideration of the issue. Judicial economy is advanced by consideration of this rule because it is clear that petitioner has not demonstrated cause and prejudice to excuse his procedural default in any event. See Boyd v. Thompson, 147 F.3d 1124, 1128

---

[2] I would also find grounds one and two procedurally defaulted on the alternative basis that they were not fairly presented. It is clear that the state courts have not considered the merits of grounds one and two, and accordingly, this court cannot consider petitioner's claims. See 28 U.S.C. § 2254(b)(1)(A); Castille v. Peoples, 489 U.S. 346, 351 (1989).

(9th Cir. 1998).  Lastly, comity is advanced because it is clear from the record that no state court has examined the merits of petitioner's claims pertaining to the August 2004 revocation. Coleman, 501 U.S. at 731 (petitioner who has defaulted his federal claims because of an independent and adequate state procedural rule deprives the state of an opportunity to address those claims in the first instance).

> **a.    independent    and    adequate    state procedural rule-standards.**

A state procedural rule is "adequate" for purposes of preclusion, if it is clear, consistently applied, and well-established at the time of petitioner's purported default. Sechrest, 549 F.3d at 802-03; Collier v. Bayer, 408 F.3d 1279, 1284 (9th Cir. 2005), cert. denied, 547 U.S. 1013 (2006); Vang, 329 F.3d at 1073-74.  "Although a state court's exercise of judicial discretion will not necessarily render a rule inadequate to support a state decision, to be considered adequate, the discretion must entail the exercise of judgment according to standards that, at least over time, can become known and understood within reasonable operating limits." Bennett v. Mueller, 322 F.3d 573, 583 (9th Cir. 2002), cert. denied, 540 U.S. 938 (2003)(internal citations and quotations omitted).  The adequacy of a state rule is, itself, a federal question.  Cone, 129 S.Ct. at 1780; Lee, 534 U.S. at 375.

A state procedural rule is "independent" for purposes of preclusion, if it is not interwoven with federal law, and the state court explicitly invoked the rule as a separate basis for its decision. Vang, 329 F.3d at 1074; Bennett, 322 F.3d at 581. "A state court's application of a procedural rule is not undermined where, as here, the state court simultaneously rejects the merits of the claim." Bennett, 322 F.3d at 580; Harris, 489 U.S. at 264, n.10.

If the respondent pleads the existence of an independent and adequate state procedural rule as an affirmative defense, the burden shifts to the petitioner to assert specific factual allegations that demonstrate the inadequacy of the state rule. If the petitioner satisfies this burden, the respondent bears the ultimate burden of proving the rule bars federal review. Collier, 408 F.3d at 1284 & n.6; Bennett, 322 F.3d at 586.

### b. state rule is adequate.

As noted above, the state court dismissed petitioner's habeas petition because he had another remedy available–direct judicial review under O.R.S. § 144.335, and therefore a writ of habeas corpus was not available. See O.R.S. § 34.330; Tiner, 173 Or.App. at 169. Petitioner appears to contend the statute creating direct judicial review, O.R.S. § 144.335, is "inadequate" to protect his due process rights, and thus should not have preclusive effect. Petitioner argues that O.R.S. § 144.335 was inadequate because

Exhibit O required him to designate a BAF number.  And, petitioner contends that the judicial review process is inadequate because it took two years to challenge his January 2005 revocation.  However, petitioner's arguments misunderstand the relevant inquiry.

This court does not review the "adequacy of remedy" as petitioner submits, but rather examines the adequacy of the *state procedural bar* to his claims at the time he violated the requirement.  See Vang, 329 F.3d at 1074.  Cf. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.")  This court's evaluation of adequacy turns on whether the rule was clear, consistently applied, and well-established.  Wood v. Hall, 130 F.3d 373, 376-77 (9th Cir. 1997), cert. denied, 523 U.S. 1129 (1998).  In this case, petitioner has alleged no facts or presented any argument to indicate that the state's rejection of state habeas petitions by persons seeking to review parole board decisions was unclear, inconsistent, or anything other than well-established.[3]

Petitioner also appears to argue that the remedy of habeas corpus should have been available because he was asserting a due process violation citing Haskins v. Palmateer, 186 Or.App. at 163,

----

[3]The state court's dismissal was clearly "independent" of federal law as it relied exclusively on state law.  (Resp. Ex. 105.)

and Barrett v. Belleque, 344 Or. 91, 102, 176 P.3d 1272 (2008). However, the cases cited by petitioner are readily distinguishable.

For example, in Haskins, although the court did examine an inmate's challenge to his parole revocation by the Board in a state habeas corpus action, it did so because the inmate filed his action prior to the effective date of O.R.S. § 34.330, which prohibited such actions. Id. at 163 n.3. To be sure, the court ruled that state habeas corpus relief is only available when there is no other remedy and specifically noted that "the right to seek judicial review of the board's action regarding revocation of parole constitutes an adequate alternative remedy for purposes of habeas corpus relief." Id. at n.2.

Barrett is similarly distinguishable. To begin, Barrett did not involve an appeal of a parole board decision. In that case, the court determined that an inmate could raise his due process claim in a state habeas action despite that he could seek a federal civil rights claim because the "existence of a *federal* remedy does not deprive a prisoner of the protection of the writ of habeas corpus in state court." Barrett, 344 Or at 103.

Again, petitioner's arguments miss the mark. It is not for this court to second-guess the state court's determination that the direct judicial review process is an adequate alternative remedy to a state habeas action for resolving appeals of Board actions. Rather, this court examines whether that procedural bar was

adequate in the sense that it has been consistently applied to similarly situated individuals to put petitioner on notice that he needed to seek direct judicial review. <u>Wood</u>, 130 F.3d at 377-78; <u>cf. King v. Lamarque</u>, 464 F.3d 963, 966 (9th Cir. 2006). Because petitioner has not met his burden of presenting any specific factual allegations which could demonstrate that O.R.S. § 34.330 or § 144.335 has been inconsistently applied, or was not well-established, I conclude that the state procedural bar is adequate to support the judgment and ground one is procedurally defaulted.

**2.  Petition for Judicial Review.**

Petitioner also argued that the Board denied his liberty interest under the Due Process Clause when it failed to discharge him from parole in his petition for judicial review in the Oregon Court of Appeals. (Resp. Exs. 120, 123.) Petitioner brought a petition for judicial review initially seeking to challenge the Board's January 2005 revocation. Shortly thereafter, petitioner amended his petition, seeking to challenge the Board's August 2004 revocation as well. The Court of Appeals dismissed the portion of the petition concerning the August 2004 revocation because it was untimely and had not been administratively exhausted. The court expressly stated that "[a] petition for judicial review is required to be filed within 60 days from the date of mailing of a reviewable order." <u>See</u> O.R.S. § 144.335(4). (Resp. Ex. 126.)

16 - OPINION AND ORDER

To the extent that petitioner is challenging the Board's continuing jurisdiction to issue the August 2004 revocation, the court rejected that claim based upon an independent and adequate state rule. Casey, 386 F.3d at 920; Coleman, 501 U.S. at 729-30. As discussed above, petitioner has not demonstrated that O.R.S. § 144.335 was not well-established, inconsistently applied, or unclear. Accordingly, petitioner's claim concerning the August 2004 revocation in ground one is procedurally defaulted.

Moreover, to the extent that ground one could be interpreted to include a challenge to the Board's continuing jurisdiction to issue the January 2005 revocation, that claim also is procedurally defaulted. In its decision, the Oregon Court of Appeals seemingly reached the merits of that argument and determined the following:

> Petitioner first argues that, under the 1981 statutes and administrative rules, he was entitled to an automatic discharge from parole in 1999. Assuming that the 1981 law is applicable here, petitioner's claim is defeated by this court's decision in Haskins v. Palmateer, 186 Or.App. 159, 63 P.3d 31, rev. denied, 335 Or. 510 (2003). With regard to the other issues that petitioner asserts in his Motion for leave to Proceed, he failed to raise those arguments in the administrative review process. Consequently, he did not exhaust his administrative remedies and the claims cannot present a substantial question of law. (Resp. Ex. 126.)

However, petitioner did not appeal that decision to the Oregon Supreme Court. Accordingly, to the extent that petitioner may have presented the January 2005 revocation claim to the Oregon Court of Appeals, petitioner has failed to exhaust his claim. Baldwin, 541

17 - OPINION AND ORDER

U.S. at 29 (requiring habeas claims to be raised at all appellate stages afforded under state law to be fairly presented). Because petitioner is now barred from seeking that review, ground one concerning the January 2005 revocation is procedurally defaulted. Casey, 386 F.3d at 920; Or.R.App.Pro. 9.05 (requiring that petitions for review to the Oregon Supreme Court be filed within 35 days).

**C.    Ground Two.**

In ground two, petitioner submits that his right against ex post facto application of laws was violated when the Board exercised jurisdiction over him in 2000 following his federal sentence and when his parole was revoked in 2004, contrary to the laws in effect in 1979. It appears that petitioner attempted to assert some type of ex post facto claim in his October 2004 state habeas petition. But, as noted above, petitioner's state habeas petition was dismissed because he had a remedy at law and thus habeas relief was not a proper remedy. As discussed above, petitioner's claims were rejected based upon an independent and adequate state rule, and he is now time-barred from seeking direct judicial review. Therefore, ground two is procedurally defaulted. Coleman, 501 U.S. 729-30; Casey, 386 F.3d at 920; O.R.S. § 144.335(4).

It is unclear whether petitioner purported to raise this same ex post facto argument in his petition for judicial review

18 - OPINION AND ORDER

proceeding in the Oregon Court of Appeals. <u>Cf.</u> <u>Anderson v.</u> <u>Harless</u>, 459 U.S. 4, 6 (1982)(for purposes of exhaustion it is not enough that a somewhat similar claim was raised). Even broadly construing his ex post facto arguments, the court concluded that claims concerning the August 2004 parole revocation were untimely and unexhausted. (Resp. Ex. 123.) Because the claims were rejected based upon an independent and adequate state rule, ground two is procedurally defaulted.

**D.  Ground Three.**

In ground three, petitioner alleges that his continued supervisory status violates the Eighth Amendment's protection against cruel and unusual punishment. This claim is raised for the first time in this proceeding, and thus has not been fairly presented. <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842 (1999); <u>Casey</u>, 386 F.3d at 916-17. Petitioner's ground three clearly is procedurally defaulted.

**E.  Petitioner Has Not Demonstrated Cause and Prejudice.**

Habeas review of petitioner's procedurally defaulted claims is precluded unless he can demonstrate cause and prejudice to excuse his default, or that the failure to consider the claims will result in a fundamental miscarriage of justice. <u>Coleman</u>, 501 U.S. at 750; <u>Cook</u>, 538 F.3d at 1025. To demonstrate "cause," petitioner must show that some objective external factor impeded his efforts to comply with the state's procedural rule. <u>See</u> <u>Cook</u>, 538 F.3d at

1027; <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986).  Cause may include showing that the factual or legal basis of the claim was unknown, or "that some interference by officials made compliance impracticable."  <u>Id.</u>  "Prejudice" exists only if a petitioner can demonstrate actual and substantial disadvantage resulting from the procedural default.  <u>United States v. Frady</u>, 456 U.S. 152 (1982).

Petitioner argues that his procedural default should be excused because he diligently attempted to seek review of the August 2004 revocation, but the Board's Exhibit O form that petitioner used erroneously called for a BAF number, causing him to challenge a non-appealable order instead of the August 2004 Order of Revocation, which was an appealable order.  Petitioner asserts that:

> The Exhibit O form failed to provide sufficient direction for [petitioner] to avoid an inference that he did not intend to seek review of the 2004 revocation order. (Amended Brief in Support, p. 22.)

Petitioner's argument is disingenuous.  Exhibit O is a handwritten document from petitioner to the Board in which he states he is appealing BAF #16 and wishes to have Exhibit O considered at his future disposition hearing.  Petitioner has not demonstrated how a document that he created is an "external interference."  Petitioner simply implies, without support, that Exhibit O is based on a form the Board requires for administrative review requests.  Furthermore, petitioner cites no authority to

support his contention that his own confusion concerning the correct completion of a form would rise to "cause," and this court declines to search for such support. See Murray, 477 U.S. at 492 (attorney error will not excuse procedural default unless the error amounts to ineffective assistance); Cook, 538 F.3d at 1027-28 (same); Kibler v. Walters, 220 F.3d 1151, 1153 (9th Cir. 2000), cert. denied, 531 U.S. 1086 (2001)(ignorance of the law is insufficient to demonstrate cause and prejudice); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 908-09 (9th Cir. 1986)(determining that pro se status and illiteracy was not cause for excusing his procedural default); Singleton v. Belleque, 2007 WL 162514 (D. Or. Jan. 17, 2007), aff'd, 328 Fed. Appx. 431 (9th Cir. 2009)(petitioner's confusion about review process of Board orders was not an external factor that impeded his attempt to obtain review).

Also absent from petitioner is any explanation as to why he did not include the August 2004 Order of Revocation, which clearly indicates that it is an appealable order, with Exhibit O. In short, petitioner has failed to demonstrate cause to excuse his procedural default. Accordingly, I need not address petitioner's limited assertion of prejudice.

Petitioner also contends that exhaustion of his state court remedies should be excused because the direct judicial review process in O.R.S. § 144.335 is an ineffective method of correcting

his federal rights.  Petitioner argues that the Board is incapable of impartially reviewing its own decision, and thus he should be excused from seeking review.  Petitioner's argument has been expressly rejected.

The Ninth Circuit has held that proof that state remedies are ineffective may relieve the petitioner from *exhausting* his available state remedies in the first instance, but is irrelevant to, and provides no excuse for, the procedural default of state remedies.  Smith v. Baldwin, 510 F.3d 1127, 1139 (9th Cir. 2007), cert. denied, 129 S.Ct. 37 (2008).  Petitioner has not demonstrated cause and prejudice, or alternatively, that a fundamental miscarriage of justice will result if his claims are not considered, therefore his procedural default is not excused.

In sum, all of petitioner's grounds for habeas relief are procedurally defaulted and petitioner has not demonstrated cause to excuse his default, nor does he assert that a fundamental miscarriage of justice will result if his claims are not considered.

## II.  **AEDPA Statute of Limitation**.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) requires a state prisoner seeking habeas relief to do so within one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).  This

section applies to all petitions filed by persons "in custody pursuant to the judgment of a state court" and includes persons imprisoned for parole violations. Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004); see also Redd v. McGrath, 343 F.3d 1077, 1080 n.4 (9th Cir. 2003)(assuming that § 2244(d)(1) applies to a state prisoner's challenge to a parole board decision, subsection (d)(1)(D) governs its commencement).

The one-year limitation is tolled while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A state post-conviction application remains "pending" until the application has achieved final resolution in the state's post-conviction procedures. Carey v. Saffold, 536 U.S. 214, 220 (2002).

Respondent argues that to the extent petitioner challenges the Board's continuing jurisdiction resulting from the Board's January 28, 2005 parole revocation, his petition is untimely. Respondent is correct.

Respondent notes that the factual predicate surrounding his claims concerning his second parole revocation arose at the latest on January 28, 2005. (Ex. 120.) The statute of limitations was tolled while petitioner sought administrative and judicial review of the January 2005 parole revocation through ARR #2 and ARR #3 and

his petition for judicial review filed in the Oregon Court of Appeals.

The one-year AEDPA statute of limitations began to run at the latest, however, on April 6, 2007, the effective date of the Oregon Court of Appeal's judgment. Petitioner did not seek review of that decision in the Oregon Supreme Court. A review of this court's record reveals that petitioner's initial habeas corpus petition was filed May 23, 2008, over one month *after* expiration of the one-year statute of limitation. Accordingly, to the extent that petitioner raises claims concerning the January 2005 parole revocation and issues raised in his petition for judicial review, they are time-barred.

I decline to address whether petitioner's remaining claims were "properly filed" under 28 U.S.C. § 2244 or whether the doctrine of equitable tolling should apply because, as discussed above, I conclude all of petitioner's grounds for relief are procedurally defaulted.

////

////

////

////

////

////

////

24 - OPINION AND ORDER

**<u>CONCLUSION</u>**

Based on the foregoing, petitioner's amended petition (#8) is DENIED, and this proceeding is DISMISSED, with prejudice.

Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED. <u>See</u> 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this _20_ day of JANUARY, 2010.


__/s/  Malcolm F. Marsh_____
Malcolm F. Marsh
United States District Judge